# United States District Court

_____ DISTRICT OF _____
MASSACHUSETTS

UNITED STATES OF AMERICA
V.

DANNY LNU

**CRIMINAL COMPLAINT**

CASE NUMBER: 94-M0002-01-LPC

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __September, 1992__ in _____ county, in the _____ District of __Massachusetts and elsewhere__ defendant(s) did, (Track Statutory Language of Offense)

SEE ATTACHMENT A

in violation of Title __18__ United States Code, Section(s) __371__

I further state that I am a(n) __Special Agent, I.N.S.__ and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Complainant
Michael J. Rendon

Sworn to before me and subscribed in my presence,

January 21, 1994                              at    Boston, Massachusetts
Date                                                 City and State

Lawrence P. Cohen
United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

ATTACHMENT A

Did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree with persons known and unknown, to commit offenses against the United States, namely: (a) to knowingly bring aliens to the United States for the purposes of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that the aliens had not received prior official authorization to come to, enter, and reside in the United States, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii); and (b) knowing and in reckless disregard of the fact that aliens had come to, entered, and remained in the United States in violation of law, to transport and move such aliens within the United States by means of transportation, in furtherance of such violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(B).

SUFFOLK, SS  BOSTON, MASSACHUSETTS
January 21, 1994

### AFFIDAVIT

I, Michael J. Rendon, having been duly sworn, do hereby depose and say:

1. I am a Special Agent of the Immigration and Naturalization Service ("I.N.S.") and have been so employed for the past nine and one half years. For the past five and one half years, I have been assigned exclusively to the Anti-Smuggling Unit of the Boston, Massachusetts office of I.N.S. During the past five and one half years I have participated in numerous investigations involving the smuggling of illegal aliens, including those originating from the Fujian Province of the People's Republic of China, into the United States of America. During these investigations, I have interviewed numerous individuals who were illegally smuggled into the United States of America from the Fujian Province of the People's Republic of China, as well as numerous individuals who participated in the illegal smuggling of such aliens into the United States.

2. I have spoken with a confidential informant ("CI-1") whose statements have been substantially corroborated by numerous other witnesses and documentary evidence obtained during the course of this investigation. CI-1 told me that, in September, 1992, s/he was involved in the off-loading of a vessel containing illegal aliens from the Fujian Province of the People's Republic of China and the transportation of those aliens from Massachusetts to New York City.

3. CI-1 told me that, in late July or early August of 1992, a number of people travelled to Florida for the purpose of purchasing an off-loading vessel. According to CI-1, DANNY LNU was among the people who traveled to Florida, where they purchased a fishing boat. According to CI-1, DANNY LNU was responsible for carrying the money to Florida to pay for the boat.

4. Based upon information provided by CI-1, as well as other information obtained pursuant to this investigation, I know that the vessel that was purchased by DANNY LNU and others in August, 1992, was a fishing vessel known as the Luen Hing. I also know that the Luen Hing subsequently was docked in New Bedford, Massachusetts.

5. CI-1 also told me that, in September, 1992, s/he was present when DANNY LNU and others installed a radio at a residence located at 6 Harrison Road, Salem, Massachusetts. According to CI-1, DANNY LNU and others used that radio in an unsuccessful effort to contact the mother ship, which was then off the coast of the United States.

6. As a result, CI-1, DANNY LNU, and others travelled to the home of an unknown caucasian male in Quincy, Massachusetts. In the basement of that house, CI-1 observed radio equipment.

7. Thereafter, CI-1 observed DANNY LNU using the radio equipment to attempt to contact the mother ship. CI-1 heard DANNY LNU speaking to someone over the radio in what s/he believed to be the Fukienese dialect of Chinese.

8. DANNY LNU told CI-1 and the others that he had successfully contacted the mother ship.

9. On September 22, 1992, I spoke with I.N.S. Special Agent Randolph Reeves who told me that, at approximately 10:30 that morning, he, along with Agent D'Amato of the National Marine and Fisheries Service and Ensign Jill Albright of the United States Coast Guard, boarded a fishing vessel named the Luen Hing, which was docked at Leonard's Wharf in New Bedford, Massachusetts. Once aboard the Luen Hing, Special Agent Reeves observed that the interior of the vessel was filthy and smelled of urine. The hull of the ship appeared to be gutted and unfit for the storage of fish or ice. Instead, that area contained numerous food containers, sleeping bags, clothing, water bottles, and bottles which appeared to contain urine.

10. On September 22, 1992, I spoke with one of the crew members from the Luen Hing. After advising him of his Miranda rights in English, he stated that he understood his rights and wished to speak to me. The crew member told me that he and two other Asian men traveled on board the Luen Hing approximately thirty hours out to sea from New Bedford, Massachusetts and met a four hundred foot Taiwanese vessel. From that vessel, they off-loaded over one hundred (100) aliens from the People's Republic of China onto the Luen Hing and transported them back to New Bedford, Massachusetts.

11. I, along with other Special Agents of I.N.S. and the U.S. Customs Service, also have spoken with two individuals who

were present on a parallel pier in New Bedford on the night of September 21, 1992. According to the first eye witness ("EW1"), at approximately 9:30 p.m. on the evening of September 21, 1992, s/he observed the fishing vessel Luen Hing dock at Leonard's Wharf in New Bedford. EW1 then observed two Asian males get off the Luen Hing, get into a tan van, and leave the area. Subsequently, EW1 saw those individuals return and re-board the Luen Hing. At approximately 11:45 p.m., both EW1 and the second eye witness ("EW2") observed three U-Haul trucks arrive at Leonard's Wharf, and park with the backs of the trucks facing the end of the Wharf. Between 11:45 p.m. and 12:10 a.m., EW1 and EW2 watched over one hundred Asian individuals climb off the Luen Hing and, under the direction of a number of Asian males on the pier, climb into the cargo sections of the three U-Haul trucks.

12. Both EW1 and EW2 observed a red sports car and pick-up truck on the Wharf with the U-Haul trucks. According to EW1, after the first U-Haul truck was full, it followed the red sports car off the Wharf. Shortly thereafter, the red sports car returned. At that time, the pick-up truck led the second U-Haul truck, and the red sports car led the third U-Haul truck off the Wharf. As the third U-Haul truck left the Wharf, EW1 followed it and the red sports car on to the freeway.

13. Shortly thereafter, EW1 returned to the wharf where s/he observed three Asian males leave the Luen Hing and get into the same truck s/he had seen earlier.

4

14. Based upon the information set forth in this Affidavit and my training and experience, there is probable cause to believe that DANNY LNU did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree with persons known and unknown, to commit offenses against the United States, namely: (a) to knowingly bring aliens to the United States for the purposes of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that the aliens had not received prior official authorization to come to, enter, and reside in the United States, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii); and (b) knowing and in reckless disregard of the fact that aliens had come to, entered, and remained in the United States in violation of law, to transport and move such aliens within the United States by means of transportation, in furtherance of such violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(B); all in violation of Title 18, United States Code, Section 371.

_____
MICHAEL C. RENDON
Special Agent, Immigration and
Naturalization Service


Signed and sworn before me this 21st day of January, 1994.

_____
LAWRENCE P. COHEN
United States Magistrate Judge